IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| v. | ) | 11-00439-CB-N |
| WANDA J. VERGOS, | ) | |
| Defendant. | ) | |

## **ORDER**

This matter is before the Court on a motion for summary judgment filed by the Plaintiff, Wells Fargo Bank, N.A. (Doc. 11.) Defendant has filed no response to the motion; therefore the facts asserted by the Plaintiff are deemed to be undisputed. *See* Local Rule 7.2. After reviewing those undisputed facts in light of the applicable law, the Court finds that the motion for summary judgment is due to be granted.

### **Findings of Fact**

Defendant failed to respond to Plaintiff's Requests for Admissions, Interrogatories and Requests for Production of Documents, which were served on October 21, 2011. Lender made a commercial loan to Defendant in the amount of $676,500.00 (the "Loan"), evidenced by that certain Commercial Promissory Note dated March 23, 2006, made by Defendant payable to Lender in the original principal amount of $676,500.00 (the "Note").

The Note provides that Defendant shall pay the principal of and interest on the Loan, as well as Lender's costs and expenses, including attorneys' fees, incurred in collecting the amounts due thereunder. The Lender is the holder of the Note.

The Defendant defaulted under the terms of the Note by failing to pay all amounts when due and as required thereunder.  The Note provides that upon default, Lender is entitled to accelerate the Note, upon which election all amounts owing thereunder become immediately due and payable.

By letter dated July 18, 2011 (the "Demand Letter"), Lender notified Defendant of the default(s) under the Loan, as well as Lender's election to accelerate all amounts due and owing under the Note in light of said default(s).  Defendant has failed or refused to pay all amounts due and owing under the Note.

As of December 16, 2011, the outstanding indebtedness owing on the Loan, exclusive of unearned interest and attorneys' fees, totaled $603,104.77, including principal in the amount of $543,330.73, unpaid interest in the amount of $56,313.39, and late charges in the amount of $3,460.65.  A per diem of $116.97 continues to accrue each day the Note remains unpaid after December 16, 2011.  Costs of collection also continue to accrue.

Plaintiff has incurred fees and costs incurred in the collection of the amounts owing under the Note, including attorneys' fees in the amount of $4,565.00 and expenses in the amount of $1,424.94.

**Conclusions of Law**

As Defendant failed to respond to Plaintiff's Requests for Admissions, all requests were deemed admitted pursuant to Fed. R. Civ. P. 36(a)(3).  Federal Rule of Civil Procedure 56(c) requires summary judgment to be granted:  "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law," and the trial court's function is not "to weigh the evidence and determine the truth of the

matter, but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  "When a motion for summary judgment has been made properly, the burden of production shifts to the nonmoving party 'to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."' *Celotex [Corp. v. Catrett],* 477 U.S. 317, 324 (quoting Fed. R. Civ. P. 56 (c, e))*."  Cable/Home Communication Corp. v. Network Productions, Inc.,* 902 F.2d 829, 841 (11th Cir. 1990); *see also McCorvey v. Smith*, 2009 WL 2176344, *3 (S.D. Ala. 2009).  The laws of the State of Alabama apply to substantive matters in this case because the Complaint was brought on the basis of diversity jurisdiction,[1] and the Note provides that Alabama law shall govern the loan documents.  (Asheroff Aff., Ex. A, p. 4.)

**A.  Breach of Contract Claim.**

Under Alabama law, a promissory note is *prima facie* evidence of the holder's right to "recover the face [amount] of the note, interest, and, upon proof of their value [and where the note so provides], its attorney's fees." *Chilton Warehouse & Mfg. Co. v. Lewis*, 57 So. 100, 101 (Ala. App. 1911);  *see also Nobles v. Bank of Eclectic*, 115 So. 13, 15 (Ala. 1927) ("[T]he recitals in the face of the note are *prima facie* evidence of the intention of the parties thereto."); *Cary v. Bynum*, 136 So. 877, 878 (Ala. App. 1931) ("As a general rule, the possession and production of a note unceled and inextinguished by endorsements of payments or otherwise is *prima facie* evidence that the holder is the owner and that the note is unpaid.").

Alabama law provides that the proffer of a copy of the note and affidavit testimony as to the amounts due under the note, as well as the defendant's failure to make the required payments,

---

[1] This Court has jurisdiction over this action under 28 U.S.C. § 1332.

is sufficient to establish a plaintiff's case to recover a note.  *See Griffin v. American Bank*, 628 So.2d 540, 543 (Ala. 1993) (stating that bank entitled to summary judgment on promissory note where bank's president submitted affidavit attaching note and stating that borrower made no payments on note, and borrower did not offer evidence in defense); *Chilton Warehouse & Mfg. Co.* 57 So. at 101 (stating that upon introduction of note into evidence burden shifts to defendant to show that the holder is not entitled to recover thereon).

The appearance of the defendant's name on the face of the note is *prima facie* evidence that he or she is the maker of the note.  *Culwell v. Edmondson*, 129 So. 276, 278 (Ala. 1930). "[A] note sued on is *prima facie* evidence of sufficient consideration for the execution thereof." *Day v. Ray E. Friedman & Co.*, 395 So.2d 54, 56 (Ala. 1981).  A copy of the Note, attached to and authenticated by the affidavit of Michael Asheroff constitutes *prima facie* evidence of Defendant's obligations thereunder.  (Asheroff Aff., ¶ 3, Ex. A.)  As Plaintiff is the holder of the Note, Plaintiff is entitled to enforce it against the Defendant.  (Asheroff Aff., ¶ 5); *see also*, Ala. Code § 7-3-301 (1975) ("'Person entitled to enforce' an instrument means . . . the holder of the instrument.")

Elements of a breach of contract under Alabama law are:  (1) that a valid contract exists; (2) that plaintiff performed under the contract; (3) that defendant failed to perform under the contract; and (4) that plaintiff was damaged as a result.  *See, e.g., Reynolds Metal Co. v. Hill*, 825 So.2d 100, 105-06 (Ala. 2002) (citing *State Farm Fire & Cas. Co. v. Slade*, 747 So.2d 293, 202 (Ala. 1999)); *see also, Bockman v. WCH, L.L.C.*, 943 So.2d 789, 795 (Ala. 2006) (loan documents, like promissory notes, "are a form of contract").

The evidence in this case establishes that:  (i) Plaintiff performed under the Note by making the Loan; (ii) Defendant defaulted under the Note by failing to pay in full all amounts

due thereunder; (iii) Defendant failed to pay all amounts due and owing after Plaintiff made demand therefor; and (iv) as a result of Defendant's failure to pay the amounts owing under the Note, Plaintiff has suffered damages resulting from this failure to pay, in the amount of outstanding principal, interest, and other fees due under the Note.  (Asheroff Aff., ¶ ¶ 3; 6-9; Exs., A, B thereto; see also, Pl.'s Req. Admis. Nos. 1-8.)

Accordingly, under Alabama law, Plaintiff is entitled to judgment as a matter of law on its breach of contract claim against Defendant, including an award of principal, accrued and accruing interest, late fees (and, as set forth below, attorneys' fees and costs).

**B.     Plaintiff's Equitable Claims.**

Under Alabama law, "[t]he essence of [the theories of unjust enrichment and money had and received] is that plaintiff . . . prove facts showing that defendant holds money which, inequity and good conscience, belongs to plaintiff . . ."  *Hancock-Hazlett General Const. Co., Inc. v. Trane Co.,* 499 So.2d 1385, 1387 (Ala. 1986) (emphasis added); *see also, Jewett v. Boihem*, 23 So.3d 658, 661 (Ala. 2009) (equitable claims such as an action for money had and received "aim[] at the abstract justice of the case, and look[] solely to the inquiry, whether the defendant holds money, which . . . belongs to the plaintiff.")(internal citations and quotations omitted).

The evidence in this case establishes that: (i) Plaintiff extended the Loan to Defendant; (ii) Defendant received the proceeds of the Loan; (iii) Defendant agreed to repay the Loan, as evidenced by the Note; and (iii) Defendant subsequently failed to do so.  (Asheroff Aff. ¶ ¶  3, 6, 8-9, Ex. A; Pl.'s Req. Admis., Nos. 1-4, 8)

In light of the foregoing, Plaintiff is equitably entitled to recover from the Defendant under the theories of unjust enrichment and money had and received all amounts owing under

the Loan as a matter of Alabama law, including accrued and accruing interest, fees and costs. *Hancock-Hazlett General Const. Co., Inc.,* 499 So.2d at 1387; *see also, Jewett*, 23 So.3d at 661.

**C.     Attorneys' Fees and Costs.**

The Note provides that Defendant shall pay Lender's costs and expenses, including attorneys' fees, incurred in collecting the amounts due thereunder. (Asheroff Aff., ¶ 4; Ex. A, p. 2; Pl.'s Req. Admis. No. 3.)  Under Alabama law, it is well settled that contractual provisions relating to the payment of attorneys' fees are enforceable.  *See, e.g., James v.  James*, 768 So.2d 356 (Ala. 2000) (holding that in Alabama one can recover for attorneys' fees if provided for in a statute, a contract, or by special equity); *Subway Restaurants, Inc. v. Madison Square Assoc., Ltd.*, 613 So. 2d 1255, 1257 (Ala. 1993)(holding that "[i]n Alabama, in state law causes of action, attorney fees are recoverable as part of the costs of the action. . . when provided in a contract")' *Knight v. Hired Hand Green, Inc.*, 775 So.2d 218, 222 (Ala. Civ. App. 1999) (holding that the plaintiff  "was necessarily entitled to . . . an attorney fee for collection of that balance, pursuant to the clear terms of the contract"); *Lewis v. Haleyville Mobile Home Supply, Inc.*, 447 So.2d 691, 692-93 (Ala. 1984); *Smith v. Combustion Resources Eng'r, Inc.*, 431 So.2d 1249, 1252 (Ala. 1983); *Chilton Warehouse & Mfg. Co. v. Lewis*, 57 So. at 101 (stating promissory note including provision for attorneys fees is *prima facie* evidence of right to recover attorneys' fees upon proof of their value).

In regard to the reasonableness of the attorneys' fees and expenses submitted, the Court must consider and address the relevant factors under Alabama law, including the time spent on the matter, and the professional experience and reputation of the attorney.  *See Pharmacia Corp. v. McGowan*, 915 So.2d 549, 553 (Ala. 2004); *see also, Van Schaack v. AmSouth Bank, N.A.,* 530 So.2d 740, 749 (Ala. 1988) (*citing Peebles v. Miley*, 439 So.2d 137 (Ala. 1983)).

The Woodard Affidavit establishes that as of December 19, 2011, the attorneys' fees, expenses and costs incurred by Plaintiff in connection with the collection of those amounts due under the Note totaled $5,807.94, including attorneys' fees in the amount of $4,565.00 and expenses in the amount of $1,424.94.  The Woodard Affidavit further establishes that the fees, which were incurred as a result of over twenty (20) hours of work on this matter, are reasonable. (Woodard Aff., ¶¶ 5-7).

Based upon the law cited above and the contractual provision regarding attorneys' fees and costs in the Note, Plaintiff is entitled to recover from Defendant the costs and expenses incurred in enforcing the Note, including attorneys' fees in the amount of $4,565.00 and expenses in the amount of $1,424.94.  *See Robbins v. Smith*, 495 So.2d 577, 580 (Ala. 1986) (holding that "a reasonable attorney fee may be set by the court in its discretion.  'The Court is presumed to have knowledge, even without evidence, from which it may set such a fee'").

**D.   Conclusion**

There being no genuine issue of material fact for trial, Plaintiff's Motion for Summary Judgment is due to be **GRANTED** against Defendant Wanda J. Vergos for amounts due and owing under the Note in the total amount of $613,357.57 (which includes principal in the amount of $543,330.73, unpaid interest in the amount of $60,758.25, late charges in the amount of $3,460.65, and attorneys' fees and costs in the amount of $5,807.94) plus post-judgment interest accruing thereon at the contract default rate of 10.75%.

**DONE** and **ORDERED** this the 23rd day of January, 2012.

*s/Charles R. Butler, Jr.*
**Senior United States District Judge**